UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON D. MURPHY and DEBORAH MURPHY,<br>             Plaintiffs,<br><br>     v.<br><br>THE BANK OF NEW YORK,<br>             Defendant. | NO. 2:14-cv-00955 RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiffs' Motion for Issuance of a Preliminary Injunction and Temporary Restraining Order. Dkt. # 5. Plaintiffs Aaron and Deborah Murphy, proceeding *pro se*, filed the instant Motion to enjoin the removal of Deborah Murphy from her residence located at 504 NW 110th Street, Seattle WA. The Court finds that the Motion fails to meet the requirements for issuance of a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65(b)(1).

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored" and may be granted only when the parties comply with the requirements of Federal Rule of Civil Procedure Rule 65(b). Local Rules W.D. Wash. LCR 65(b). Rule 65(b)(1) provides that the court may issue a TRO without written or

ORDER DENYING TRO - 1

oral notice to the adverse party or its attorney only if two conditions are met. First, the "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). And second, "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Plaintiffs have failed to provide specific facts showing that immediate and irreparable injury will result before the Bank of New York can be heard in opposition, as is necessary to meet the first requirement of Rule 65(b)(1). The only facts provided are to be found in Plaintiffs' Motion itself, and they undercut a showing of immediate, irreparable harm to Plaintiffs. Rather, it appears that the property at issue in this action was sold on April 22, 2013, and it is unclear from the facts stated that Plaintiffs are actually residing at the property and would thus be harmed by formal eviction proceedings. *See* Dkt. # 5, p. 3. Further, the alleged irreparable injury that Plaintiffs point to in their Motion has already occurred as a consequence of past conduct of Defendants. *See id.* at p. 10. Plaintiffs have also failed to state why notice of this Motion should not be given to Defendant and have thus failed to meet the second requirement of Rule 65(b)(1).

As Plaintiffs have failed to meet the requirements for obtaining *ex parte* relief, the Court shall treat the Motion as one for a preliminary injunction, and hereby sets the Motion for hearing at the U.S. District Court for the Western District of Washington in Seattle on Thursday, July 31, 2014 at 2:00pm. In accordance with Local Rule 65(b)(1), Plaintiffs are directed to immediately serve all motion papers on the opposing party and provide the Court with a certificate of service. The Court also sets the following briefing schedule: Defendant's

ORDER DENYING TRO - 2

brief in opposition shall be filed and served no later than Friday, July 25, 2014 and shall be no more than twenty-four (24) pages in length. Plaintiff's reply shall be filed and served no later than Wednesday, July 30, 2014 and shall be no more than twelve (12) pages in length.

The Clerk is directed to forward a copy of this Order to Plaintiffs at the address provided.

DATED this 2 day of July 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING TRO - 3